IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEANDRE LENIER NEAL-HILL,** : | CIVIL ACTION NO. 1:25-CV-436 |
| Petitioner : | (Judge Neary) |
| v. : | |
| **WARDEN OF FCI-ALLENWOOD MEDIUM,** : | |
| Respondent : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, DeAndre Lenier Neal-Hill, an inmate in Herlong Federal Correctional Institution ("FCI-Herlong") in Herlong, California[1] argues that the United States Bureau of Prisons ("BOP") has improperly denied him presentence credit. Because the BOP properly determined that Neal-Hill is not entitled to the requested credit, his petition will be denied.

### I.  Factual Background & Procedural History

Neal-Hill is serving a 77-month sentence imposed by the United States District Court for the District of Minnesota for possessing a firearm as a convicted

---

[1] Petitioner was transferred to FCI-Herlong after the filing of this case. This court retains jurisdiction over this case because petitioner was incarcerated in this district at the time he filed his petition. Anariba v. Dir. Hudson Cnty. Corr. Ctr., 17 F.4th 434, 446 (3d Cir. 2021).

felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).[2] (Doc. 9-2 at 2). At the time he was indicted on his federal charges, he was serving an earlier state sentence in Minnesota. (Id. at 3). Neal-Hill was temporarily transferred to federal custody on a writ of habeas corpus ad prosequendum on November 15, 2021. (Id.) The United States District Court for the District of Minnesota imposed his federal sentence on July 20, 2022. (Id.) The United States Marshals Service returned Neal-Hill to state custody on August 17, 2022, and his federal sentence was lodged as a detainer. (Id.) Neal-Hill finished serving his state sentence on September 24, 2022, and he was transferred to federal custody to serve his federal sentence. (Id.) The BOP subsequently computed his sentence as beginning on September 24, 2022. (Id.)

Neal-Hill filed this case on March 10, 2025, seeking credit towards his sentence for the period when he was in federal custody prior to September 24, 2022. (Doc. 1). Respondent filed a response on April 15, 2025, arguing that credit for the relevant period was properly denied because Neal-Hill was given credit for the period towards his state sentence. (Doc. 9). Neal-Hill did not file a reply brief, and the deadline for doing so has expired. The petition is accordingly ripe for review.

## II. Discussion

Neal-Hill's request for presentence credit is governed by 18 U.S.C. § 3585. Under Section 3585, a sentence commences "on the date the defendant is received

---

[2] Information in this section regarding Neal-Hill's state and federal charges and detention is based on the exhibits attached to respondent's response. Neal-Hill has not filed a reply brief or otherwise challenged the veracity or authenticity of these exhibits.

2

in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statute provides that the defendant is to be given credit:

> for any time he has spent in official detention prior to the date the sentence commences—
>
> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Id. § 3585(b).

Under the primary custody doctrine, when a defendant faces prosecution by both a state government and the federal government "the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign." Taccetta v. BOP, 606 F. App'x 661, 663 (3d Cir. 2015) (citing Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982)). A defendant temporarily transferred from one sovereign to another under a writ of habeas corpus ad prosequendum "remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000), *supserseded by statute in nonrelevant part as recognized in* United States v. Saintville, 218 F.3d 246, 247 (3d Cir. 2000). The defendant "remains in service of the first sentence imposed during the time period, and the writ merely 'loans' the prisoner to federal authorities." Id. at 275.

Neal-Hill's request for time credit for the period he spent in federal detention on a writ of habeas corpus ad prosequendum is plainly barred by Section 3585(b)'s prohibition on double credit because he remained in service of his state sentence and was given credit towards his state sentence for the period. See 18 U.S.C. § 3585(b); Rios, 201 F.3d at 274-75.

Although Neal-Hill does not specifically assert the argument, the court nonetheless liberally construes his petition as arguing that he should be given credit for the time he spent in federal custody on a writ of habeas corpus ad prosequendum pursuant to Willis v. United States, 438 U.S. F.3d 923 (5th Cir. 1971), Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), and the BOP program statement applying those decisions.

Willis and Kayfez recognize a limited exception to Section 3585(b)'s prohibition on double counting for presentence credit in situations "where a credit against a concurrent state sentence 'would not benefit the defendant except that he would be serving only one sentence instead of two concurrent ones.'" Taccetta, 606 F. App'x at 664 (quoting Kayfez, 993 F.2d at 1290). In such a situation, Willis and Kayfez allow credit to be applied to the defendant's federal sentence even if the defendant already received credit for the same period towards his state sentence. Id. The Willis rule applies only when (1) the state and federal sentences are concurrent; and (2) the "effective full term"—i.e., the full sentence length not including any potential time credits—of the state sentence is equal to or shorter than the federal sentence. Id. The Kayfez rule applies only when (1) the state and federal sentences are concurrent; and (2) the effective full term of the state sentence

4

is shorter than the federal sentence once qualified presentence time has been applied to the sentence. Id. The BOP applies both the Willis and Kayfez rules nationwide pursuant to a BOP program statement. Id.

Neither the Supreme Court nor the United States Court of Appeals have ever adopted the Willis and Kayfez rules in a precedential opinion. The only precedential Third Circuit case that has discussed the scope of Willis and Kayfez is Rios, where the court noted in dicta that the BOP's rule adopting the cases "seemingly conflicts with the plain language of section 3585(b)." Rios, 201 F.3d at 272. The court, however, did not squarely address whether Willis and Kayfez credits are proper under the statute, noting that that issue was not before the court. Id.

Nevertheless, several nonprecedential decisions in this circuit have applied Willis and Kayfez in deference to the BOP's policy applying them. See, e.g., Taccetta, 606 F. App'x at 663 ("The BOP's view of § 3585, as expressed through an interpretative rule, is entitled to 'some deference so long as it sets forth a permissible construction of the statute.'" (quoting Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011))); Shahid v. Schultz, 272 F. App'x 150, 154 (3d Cir. 2008) ("Affording the BOP's Program Statement the deference it is due, we cannot declare it invalid on the basis of the challenge lodged against it by Shahid." (quoting Rios, 201 F.3d at 275)).

Deference to the BOP's policy may have been justified at the time these decisions were issued, but after the Supreme Court's decision in Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), it no longer is. In Loper Bright, the

Court overruled the Chevron doctrine,[3] which required courts to defer to an administrative agency's reasonable interpretation of an ambiguous statute. Id. at 412. Under Loper Bright, courts are to give due regard to an agency's expertise in a particular field, but are no longer bound by the agency's interpretation of the statute. Id. at 403. Courts must interpret a statute without deferring to an agency's policy preference that is not expressed in the language of the statute. Id. at 403-04.

Viewed without binding deference, the BOP's policy adopting Willis and Kayfez is plainly contradictory to the language of 18 U.S.C. § 3585(b). Both Willis and Kayfez allow a defendant to receive credit towards his sentence for presentence time that has already been credited towards the defendant's state sentence. See Taccetta, 606 F. App'x at 664. Section 3585(b), however, clearly states that presentence credit may only be awarded towards a federal sentence for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). Although the BOP policy adopting Willis and Kayfez and allowing double counting of some presentence time may be good policy, it is plainly not a policy that is allowed by the language of the statute. Hence, this court must apply the language of Section 3585(b) and deny Neal-Hill's request for credit for the period in which he was in federal detention on a writ of habeas corpus ad prosequendum because this time was credited towards his state sentence.

---

[3] See Chevron, U.S.A., Inc. v. Nat. Resources Defense Council, Inc., 467 U.S. 837 (1984).

Moreover, even if Section 3585(b) did allow <u>Willis</u> and <u>Kayfez</u> credits for presentence time, Neal-Hill would not be entitled to such credits. <u>Willis</u> and <u>Kayfez</u> only apply when the defendant's federal and state sentences are concurrent, <u>see</u> <u>Taccetta</u>, 606 F. App'x at 664, and there is no indication in Neal-Hill's federal sentence that the sentencing court intended for it to run concurrently with his state sentence. (<u>See</u> Doc. 9-8). In the absence of instruction from the sentencing court that the sentences are concurrent, the sentences must be treated as consecutive. <u>See</u> 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Neal-Hill's petition will accordingly be denied because there is no basis to conclude that he is entitled to the presentence credit he seeks.

### III.   Conclusion

The petition for writ of habeas corpus is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   September 25, 2025